1
2
3
4                     UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7    UNITED STATES of AMERICA              Case No. 87-CR-207 CAL
             Plaintiff,
8                                          ORDER DENYING MOTION TO
                                           EXPUNGE
9         v.
                                           Re: Dkt. No. 37
10   PAULETTE GREEN ISLER,
11           Defendant.
12          Paulette Green Isler asks me to expunge her federal conviction.  Dkt. No. 37.  Although it

13   appears that Ms. Isler is a productive and upstanding member of her community, I do not have

14   authority through statute or ancillary jurisdiction to expunge her record.  Accordingly, her motion

15   is DENIED.

16                                   **BACKGROUND**

17           In 1987, Isler was convicted of fraud under 18 U.S.C. § 1029(a).  She was sentenced to six

18   months in prison and five years of probation.  Since her release from prison, Isler declares that she

19   has changed her lifestyle and now lives within her means. Dkt. No. 37.  She has been working as

20   a paralegal for over 20 years.  She is a member of professional organizations and a mentor to

21   several junior paralegals.  *Id.*  She asks me to expunge her "federal case" so she can "clean up" her

22   past criminal record.  *Id.*

23                                 **LEGAL STANDARD**

24           A motion to expunge criminal records is a request that the court "destroy or seal the

25   records of the fact of the defendant's conviction."  *United States v. Crowell*, 374 F.3d 790, 792

26   (9th Cir. 2004).  An expungement does not necessarily indicate that the defendant was innocent of

27   the crime for which he was convicted.  *Id.*  It is distinct from an appeal that the judgment be

28   modified or revoked, which must be made within the time allowed.  *United States v. Sumner*, 226

United States District Court
Northern District of California

F.3d 1005, 1013 (9th Cir. 2000); *see also United States v. Villapudua-Perada*, 896 F.2d 1154, 1156 (9th Cir. 1990).  The control over time to appeal "is a jurisdictional limitation upon the powers of the district court." *Sumner*, 226 F.3d at 1013.  District courts have the power to expunge criminal records in some circumstances through federal statutes or inherent authority. *Id.*, at 792.  Federal statutes empower courts to expunge records under the Constitution, the Civil Rights Act, a writ of habeas corpus, coram noblis, or audita querela to correct an unlawful conviction or correct inaccuracies in the record.  *Sumner*, 226 F.3d at 1009, 1012.

District courts also have "inherent authority to expunge criminal records in appropriate and extraordinary cases." *Crowell*, 374 F.3d at 793.  That ancillary jurisdiction authority, however, is limited to correcting a clerical error or removing the official record of an unlawful arrest or conviction.  *Id.*; *Sumner*, 226 F.3d at 1014.  Courts do not have the authority to expunge the "record of a valid arrest and conviction solely for equitable considerations." *Sumner*, 226 F.3d at 1014.

## DISCUSSION

Isler has not shown any legally permissible grounds to expunge her federal criminal record.  The time to appeal the judgment has passed.  *Villapudua-Perada*, 896 F.2d at 1156.  Under Federal Rule of Appellate Procedure 4(b), a defendant must appeal her conviction within fourteen days, and Isler's conviction occurred almost thirty years ago.  *See* Fed. R. App. Proc. 4(b).  Isler does not argue and it does not appear that she is entitled to relief under any statute.  She does not allege a clerical error or unlawful arrest or unlawful conviction that would allow me to expunge her conviction under my ancillary jurisdiction authority. *See Crowell*, 374 F.3d at 793; *Sumner* 226 F.3d at 1014.

Instead, the only reasons Isler provides to support her request for expungement are equitable; that she has become a productive and upstanding member of her community.  I do not doubt her declaration in the least.  But expungement on equitable grounds alone is beyond the jurisdiction of a district court in the Ninth Circuit.  In a unanimous 1994 decision, the Supreme Court limited federal courts' ancillary jurisdiction to two situations: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to

United States District Court
Northern District of California

2

enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (citation and internal quotation marks omitted).  The Ninth Circuit interpreted this holding to bar district courts from expunging a valid arrest and conviction on equitable grounds alone, reasoning that "reward[ing] a defendant's rehabilitation and commendable post-conviction conduct does not serve any of those goals [identified in *Kokkonen*]."  *Sumner*, 226 F.3d at 1014.  I am bound by that ruling; Isler's assertions that she has become a productive and upstanding citizen in her community cannot be a basis for expungement. *See Sumner*, 226 F.3d at 1007-08.

## CONCLUSION

Since I lack authority to expunge her criminal record, Isler's motion to expunge is DENIED.

**IT IS SO ORDERED**.

Dated:   September 14, 2016

WILLIAM H. ORRICK
United States District Judge